Brinkerhoff, J.
This case, it will be perceived, is not one in which the party injured is placed by their common employer in a position subordinate to and subject to the orders of the fellow servant through whose negligence and misconduct the *253 injury occurs, so as to come’' within the principle decided in Little Miami R. R. Co. v. Stevens, 20 Ohio Rep. 415, and C. C. & C. R. R. Co. v. Keary, 3 Ohio St. Rep. 201, but presents the simple question, whether the master or employer is liable to one servant for injuries received from the negligence of a fellow servant, where no relation of subordination or subjection exists between them, while engaged in the business of their common employer ?
The negative of the general proposition involved in this inquiry has been uniformly held in England, in Massachusetts, New York, Pennsylvania, South Carolina, Georgia, and Illinois. And the same general doctrine is distinctly recognized in the Ohio cases before referred to. In Little Miami R. R. Co. v. Stevens, Caldwell, J., delivering the opinion of the majority of the court, says: “¥e could easily suppose a case where two persons, employed by the same individual, and standing on a perfect equality— where the business was managed as much by the one as the other — where they would stand on the same footing, as men in the community generally do — in which the employer would not be liable for an injury done to one by the negligence of the other.” And in C. C. & C. R. R. Co. v. Keary, Ranney, J., delivering the unanimous opinion of the court, says: “ That the servant takes upon himself all the ordinary risks of the business, including the liability to injury from the negligence of other servants employed with him, by the common principal, but having no control over the business, or the servant who receives the injury, we are quite ready to admit.” The same doctrine was also held in Mad River & Lake Erie R. R. Co. v. Barber, 5 Ohio St. Rep. 561, and in Madison and Indianapolis R. R. Co. v. Bacon, 6 Port. (Ind.) Rep. 205.
The only cases to which our attention has been called, or of which we are aware, which seem to militate against this general and overwhelming current of authority upon the point in question, are those of Gillenwater v. Madison & Indianapolis Railroad Co., 5 Port. (Ind.) Rep. 339, and *254 Fitzpatrick v. New Albany Salem Railroad Co., 7 Port. (Ind.) Rep. 436.
In the first of these cases, the defendant employed Gillenwater, the plaintiff, to frame and build a bridge on its road, across Sugar Creek, and while he was engaged in the work, directed him to proceed in its cars to Greenwood, and assist in loading timbers for the bridge. While thus on the cars, as directed, the servants of the defendant who had in charge the running of the train, so carelessly managed and ran the same, that they thereby ran off the track, whereby the plaintiff was injured. And it was held that, under the peculiar circumstances of that case, the plaintiff was, at the time of the injury, a passenger, clothed with all the rights of a passenger and stranger, and that the defendant was, therefore, liable as a common carrier.
The other case was this: Fitzpatrick, the plaintiff’, was employed by the railroad company, with other laborers, to ballast a part of its road, by excavating gravel from certain banks, loading it in the company’s gravel cars, and afterward unloading and distributing it upon the railroad. The plaintiff, and others of the laborers, hoarded and lodged in the town of C., two miles from the gravel banks, and, by agreement with the company, were regularly to be conveyed to town to their meals, etc., and back again to the gravel banks. While the plaintiff was being thus conveyed, during the period of his service, on a gravel car, to the banks to work, by the gross negligence and unskillfulness of the engineer employed in running and managing the locomotive, a collision occurred whereby the plaintiff’s leg was broken. It was held that the plaintiff was entitled to recover. The question was raised and decided on demurrer of the defendant to the plaintiff’s complaint; and it was averred in the complaint, and admitted by the demurrer, that the plaintiff was received on board the cars as a passenger.
On these principles we see no good reason to question the correctness of these decisions. In the first case, Gil *255 lenwater was employed to build a bridge across Sugar Creek. That, and no more, seems to have been his contract. It does not appear that it was any part of his contract engagement to travel to Greenwood or elsewhere on the business of the company. And when the company requested him to go to Greenwood in its cars, in a matter and for a purpose outside of his contract, we are not prepared to say but that he might be properly regarded as a passenger, and invested with all the rights of a passenger. On this point, however, we cannot speak confidently, for we are not informed as to the precise terms of his contract with the company for the building of the bridge.
• In the other case, the plaintiff, Eitzpatrick, was very clearly a passenger. By the express terms of his contract, lie was to be conveyed in the company’s cars' from the gravel bank to C. for his meals, etc., and back again, daily.
Placing these decisions in Indiana on this ground, then, viz, that the plaintiffs respectively, were passengers in the cars of the defendants, we are not prepared to say but that they were correctly decided. And, viewed in this light, they have, obviously, no application to the case before us. Eor here there is no pretense that the plaintiff was a passenger, or entitled to claim any of the rights of a passenger.
It has been suggested, however, that this case is to be excluded from the operation of the general rule, in respect to the liability of the employer for injury to a servant by the negligence of a fellow servant in a common employment, on the ground that the servants here were engaged in different and distinct departments of duty, having no connection with each other; and this suggestion receives some countenance from the remarks of the judges, arguendo, delivering the opinion of the court in the Indiana cases above noticed. Eor although in both those cases the court hold the plaintiffs to be, under the circumstances, passengers — and contend that their decisions may well be sustained on that ground — yet, in their discussion of the *256 questions involved, they argue that the fact of the plaintiffs being employed in different and distinct.departments of duty, would relieve them from the application of the general rule, although they might not have been passengers. The validity of this argument we, in this case, are perhaps not called on either to affirm or deny; for, if we admit that there may be departments of duty in the business of a common employer, so distinct from each other as to require an exception to be made to the application of the general rule, still, we must hold, on the authority of well considered adjudications, that this is not a case to create such exception.
Thus the case of Farwell v. The Boston & Worcester R. R. Co., 4 Metc. Rep. 49, was an action against the company for an injury to the engineer of a locomotive, arising from the carelessness of a switch-tender. It was held, notwithstanding the point was urged upon, and received the particular attention of, the court, that the plaintiff could not recover. And we are unable to see wherein the departments of duty of a fireman and of a track repairer are more distinct and independent of each other than are those of an engineer and a switch-tender.
The case of Coon v. S. & U. R. R. Co., 1 Seld. Rep. 492, is a case — aud the only one in the books, so far as we know— which, in the points it presents, is perfectly analogous to the one before us. There, the plaintiff was employed to inspect and repair the track. Here, the petition states that the plaintiff was employed to work upon the track, but in what particular work we are not informed; probably that of repairs. In both cases the plaintiff was injured through the carelessness of the servants of the company engaged in the management of a passing train. And it was held, in that case, that the plaintiff was not entitled to recover, and this on the ground, among other considerations, that the department of duty occupied by the plaintiff, and that occupied by him through whose negligence the injury was received, were alike necessary and indis *257 pensable for carrying out the primary object, to wit: the safe and speedy transportation of passengers and freight over the road. This holding was in affirmance, unanimously, of the judgment of the Supreme Court in the same case, (6 Barb. 231.) And the attention of the court of appeals being particularly called to the distinction since asserted in the Indiana cases, it was held that the general rule applies, though the employments of the agents are distinct, when both are necessary in the prosecution of a common enterprise.
"We are of opinion that the demurrer to the petition was well taken, and that the judgment of the common pleas ought to be affirmed.

Judgment affirmed.

Swan, Scott and Sutliee, JJ., concurred.